16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dana FOX, Plaintiff-Appellant,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant-Appellee.
 No. 93-3876.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Dana Fox appeals a district court judgment dismissing as untimely a diversity action against the defendant insurance company. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fox sued Provident Life and Accident Insurance Company on November 4, 1991, alleging breach and wrongful cancellation of a disability insurance contract purchased in April of 1979.
 
 
 3
 The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6). A subsequent motion to vacate, alter or amend the judgment was denied, and Fox perfected a timely appeal.
 
 
 4
 In dismissing the action, the district court considered matters outside the pleadings. Under these circumstances, the appeal is treated as having been taken from a grant of summary judgment. See Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). We review a district court's grant of summary judgment de novo. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991).
 
 
 5
 Upon de novo review of the record, and viewing the contents of the record in the light most favorable to the plaintiff, we conclude that the insurance company was entitled to judgment as a matter of law. The policy provided that no action should be brought after the expiration of three years after the time written proof of loss was required to be furnished. This provision is valid both in Massachusetts, where plaintiff lived, and in Ohio, where suit was brought--and it is clear, for reasons stated by the district court, that Fox failed to bring his action within the time prescribed by the contract.
 
 
 6
 Fox seems to argue that the limitations period prescribed by the contract could not be enforced against him because, notwithstanding numerous requests for a copy of the contract, the company never gave him one. Fox admits, however, that he was notified as early as July of 1984 that the company was terminating the policy for nonpayment of premiums. If some sort of equitable tolling doctrine might have applied here--a proposition for which plaintiff cites no supporting caselaw--plaintiff's equitable rights, if any, were lost because of plaintiff's inordinate delay in asserting them.
 
 
 7
 As far as the claim for wrongful cancellation is concerned, it is properly analyzed as one sounding in tort. See Wolfe v. Continental Casualty Co., 647 F.2d 705 (6th Cir.), cert. denied, 454 U.S. 1053 (1981). Because Ohio is the forum state, it is clear that any such claim would be subject to the Ohio statute of limitations. See Howard v. Allen, 30 Ohio St.2d 130 (1972). The applicable Ohio statute is Ohio Rev.Code Sec. 2305.09, which prescribes a four-year limitations period. Fox having waited more than four years before filing suit, the tort claim is barred under Ohio law.
 
 
 8
 Accordingly, and for all the reasons given by the district court, the judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.